IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERNESTO ALLEQUES PORTALES, | § | |
| TDCJ-CID NO.1166152, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-2897 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Ernesto Alleques Portales, a state inmate incarcerated in the Barry Telford Unit of the Texas Department of Criminal Justice-Criminal Institutions Division (TDCJ-CID), seeks an extension to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and to equitably toll the relevant statute of limitations. (Docket Entry No.1). The Court will deny petitioner relief for the reasons to follow.

Petitioner was convicted in the 248th State District Court of Harris County, Texas, of burglary of a habitation and aggravated robbery. *Portales v. State*, No. 01-03-00525-CR, No.01-03-00526-CR, 2004 WL 1277575 (Tex. App.–Houston [1st Dist.] 2004, no pet.). On June 10, 2004, petitioner's convictions were affirmed on direct appeal. *Id.* He did not file a petition for discretionary review and his time to do so expired thirty days after the First Court of Appeals for the State of Texas affirmed his convictions. TEX. R. APP. PROC. 68.2(a). Petitioner does not indicate, and state records do not show, that petitioner filed a state habeas application challenging his convictions.

Petitioner filed the pending motion on June 27, 2005. Petitioner does not state the grounds upon which he seeks relief, the facts supporting each ground, nor the relief he seeks.[1] Instead, he seeks equitable tolling of the limitations period on the ground that he could not have filed a federal habeas petition within the one year limitation period because, even with due diligence, he was unable to obtain his state trial records within that period. (Docket Entry No.1).

Petitioner's motion for an extension of time of the one-year statute of limitations does not present a case or controversy. *See Juidice v. Vail*, 430 U.S. 327, 331 (1977) (presenting a justiciable case or controversy is a jurisdictional requirement which the court has an obligation to examine *sua sponte*); *see also U.S. v. One 18th Century Colombian Monstrance*, 797 F.2d 1370, 1374 (5th Cir. 1986), *United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court). Federal courts do not "'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them].'" *Cook*, 795 F.2d at 994 (quoting *Princeton University v. Schmid*, 455 U.S. 100, 102 (1982)); *see also North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (a federal court does not have the power "to decide questions that cannot affect the rights of litigants in the case before them").

Petitioner is requesting an advisory opinion. There is no adverse party before this Court. Nor is there a concrete dispute for this Court to decide. The motion for extension of time in essence asks the Court to determine in advance whether the petition will be time-barred, if it is filed at some

---

[1] The Court cannot interpret petitioner's motion as commencing a habeas corpus action. Rule 2(a) and (c) of the Rules Governing Section 2254 Cases provides that an application for writ of habeas corpus shall be in the form of a petition which specifies each ground for relief which is available to the petitioner and the factual basis for each ground for relief. Petitioner's motion only requests additional time to file a petition and, thus, cannot be construed as the petition itself.

unspecified date in the future, and whether equitable tolling may be applicable to extend the limitation period. This Court cannot grant the relief that petitioner requests without offending the Constitution's case or controversy requirement. Accordingly, petitioner's motion for an extension and equitable tolling (Docket Entry No.1) is DISMISSED for want of jurisdiction. A certificate of appealability is DENIED. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas on 5th day of October, 2005.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE